UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS, INC.,

               **Plaintiff,**

vs.                                                      **Case No. 8:05-CV-1764-T-27EAJ**

PAYSOURCE, INC.,

               **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Transfer Venue (Dkt. 8), Defendant's Memorandum in Support (Dkt. 14), and Plaintiff's Opposition (Dkt. 29). Upon consideration, Defendant's Motion to Transfer Venue is GRANTED.

Plaintiff initiated this action against Defendant in the Sixth Judicial Circuit in and for Pinellas County, Florida, alleging breach of oral contract, negligent misrepresentation, false information negligently supplied for the guidance of others, deceptive and unfair trade practices, and common law indemnification. (Dkt. 2, Compl.). Defendant removed the case to this Court based on diversity jurisdiction. (Dkt. 1). Defendant now seeks transfer of the action to the United States District Court for the Southern District of Ohio, Western Division at Dayton, pursuant to 28 U.S.C. § 1404(a), based on a valid and enforceable forum selection clause. (Dkt. 8).

Defendant is a "professional employer organization organized and headquartered in Dayton, Ohio, [that] serves as an off-site human resources department for small to mid-size companies." (Dkt. 14-2, Aff. of Robert A. Sacco, ¶ 2). On January 1, 2003, Defendant entered into an Administrative Services Agreement ("Agreement") with Plaintiff, whereby Defendant agreed to provide services for the administration of Plaintiff's human resources, unemployment and workers

1

compensation, and employee benefits plans (including healthcare). (Sacco's Aff., ¶ 3). The Agreement contained the following forum selection clause: "This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio and the venue of any lawsuit will be the County of Montgomery, Ohio. Client [Pods, Inc.] specifically agrees to submit to the jurisdiction of the Courts of the State of Ohio." (Dkt. 14-3, p. 5, ¶ 16).

### *Discussion*

Forum-selection clauses are *prima facie* valid absent some compelling and countervailing reason. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972). The validity of a forum selection clause is determined under the ordinary rules governing the enforcement of contracts. *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).

In its motion, Defendant argues that Plaintiff's claims are based upon or arise directly from the Agreement and therefore this lawsuit must be transferred pursuant to the forum selection clause. (Dkt. 14, p. 1). In response, Plaintiff argues that its claims do not arise from the Agreement and are not subject to the forum selection clause. (Dkt. 29, p. 2). While acknowledging that the Agreement provided that Defendant would *administer* its employee healthcare benefits plan, Plaintiff argues that its claims arise from a separate, oral contract entered into by the parties under which Defendant agreed to *procure* that plan. (Dkt. 29, p. 7; Dkt. 29-3, Aff. of Tamela Carr, ¶¶ 10-13). Plaintiff argues that because Defendant's obligations regarding procurement of the plan were independent of the Agreement, transfer is not required. (Dkt. 29, pp. 7-8).

### I.   *Applicability of the Forum Selection Clause*

Plaintiff does not contest the validity or enforceability of the forum selection clause. In fact, Plaintiff acknowledges that the forum selection clause applies "to lawsuits brought regarding matters governed by [the Agreement] or to construe [the Agreement]." (Dkt. 29, p. 5). Rather, Plaintiff

challenges the applicability of the clause to its present claims, which it alleges stem from Defendant's breach of an oral contract. (Dkt. 29, pp. 7-8).

Notwithstanding Plaintiff's arguments to the contrary, the forum selection clause in the Agreement is sufficiently broad as to apply to Plaintiff's claims. In this circuit, forum selection clauses are broadly construed to effectuate an orderly and efficient resolution of all claims arising between the parties to a contract and to promote enforcement of those clauses consistent with the parties' intent. *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987). Clauses referencing "any lawsuit regarding this agreement" and "any action brought by either party in any court" have been broadly construed to include contract claims "arising directly or indirectly from" the contractual relationship, as well as tort and extra-contractual claims.[1] *See Digital Envoy, Inc. v. Google, Inc.*, 319 F. Supp. 2d 1377, 1380 (N.D. Ga. 2004); *Stephens v. Entre Computer Ctrs., Inc.*, 696 F. Supp. 636, 638 (N.D. Ga. 1988); *see also Stewart Org., Inc.*, 810 F.2d at 1070 ("[c]ommercial contractual issues are commonly intertwined with claims in tort or criminal or antitrust law").

Broadly construing the forum selection clause in the Agreement, the reference to "any lawsuit" is sufficiently broad as to apply to Plaintiff's claims in this lawsuit. Plaintiff's claims clearly relate to the contractual relationship between the parties as evidenced by their Agreement. Regardless of the labels used, Plaintiff's allegations reference and relate to the terms and scope of the Agreement.

Plaintiff's Complaint goes beyond Defendant's alleged failure to *procure* its employee

---

[1] The forum selection clause in *Stephens v. Entre Computer Ctrs., Inc.*, 696 F. Supp. 636 (N.D. Ga. 1988), provided: "The parties agree that any action brought by either party in any court, whether federal or state, shall be brought within the Commonwealth of Virginia and do hereby waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision." 696 F. Supp. 2d at 638. The court noted that the clause should be construed broadly because it referenced "any action" and did not "explicitly limit the actions to ones arising under or in connection with the contract." *Id.* The clause in the present case, which references "any lawsuit" and which does not limit the applicable actions, should be afforded a similarly broad construction.

healthcare plan and, in fact, includes factual assertions and allegations pertaining to Defendant's alleged failure to *administer* the plan.   Specifically, Plaintiff asserts that "the amounts paid by [Plaintiff] and its employees to Defendant were being used by Defendant to among other things, pay some portion of the health provider claims of [Plaintiff's] employees under the [] healthcare plan." (Dkt. 2, ¶ 22).   In paragraphs 25 through 29, Plaintiff sets forth detailed factual assertions and allegations relating to Defendant's failure to pay its employees' healthcare claims.  Payment (or non-payment) of claims can only be interpreted as falling within *administration* rather than *procurement* of a healthcare plan.  Plaintiff cannot avoid application of the forum selection clause by  filing a Complaint for breach of an oral contract that includes allegations of breach of the written Agreement.[2]

In Count V, Plaintiff seeks indemnification "for all damages it has incurred." (Dkt. 2, ¶ 68). Although Plaintiff seeks indemnification under common law, the Agreement provides for contractual indemnification that arguably applies to some or all of Plaintiff's alleged damages.  (Dkt. 14-3, p. 4, ¶ 9).  To the extent that Plaintiff's damages relate to Defendant's administrative (and potentially procurement) functions, Defendant is contractually indemnified by the Agreement.

In Count I, alleging breach of oral contract, Plaintiff asserts:  "In exchange for [Plaintiff's] agreement to enter in an administrative services agreement with it, Defendant, separate and apart from the written administrative services agreement, orally contracted with [Plaintiff] to procure and provide [Plaintiff] with a fully insured employee healthcare plan ...." (Dkt. 2, ¶ 45).  This assertion expressly indicates that the procurement of the healthcare plan was to serve as consideration, or

---

[2] "If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims ...." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), *cert. denied*, 464 U.S. 938 (1983) ("[W]here the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement" of a forum selection clause.).

bargained-for exchange between the parties, under the terms of the Agreement.   At a minimum, Plaintiff's Complaint includes assertions and allegations that either relate to the Agreement or require interpretation/construction of the Agreement.[3]  Therefore, the forum selection clause in the Agreement applies to all of Plaintiff's claims.  *See Stewart Org., Inc.*, 810 F.2d at 1070.

## II.    Transfer Pursuant to 28 U.S.C. § 1404(a)

When a motion under 28 U.S.C. § 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opposing party bears the burden of establishing that the contractual forum is sufficiently inconvenient to justify retention of the dispute.[4]  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).   While the convenience of the parties and witnesses and the interest of justice must be considered, where, as here, the parties have agreed to an enforceable choice of forum clause, that clause is "a significant factor that figures centrally" in the analysis.  *P & S Bus. Machs., Inc.*, 331 F.3d at 807 (*citing Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).   Although other factors might conceivably mitigate against transfer, the venue mandated by a choice of forum clause "rarely will be outweighed by other 1404(a) factors."  *In re Ricoh Corp.*, 870 F.2d at 573.

Plaintiff argues that the case should not be transferred because this Court is a reasonable and more convenient forum.  In support, Plaintiff argues that its employees and other witnesses, who are

---

[3] In *Digital Envoy, Inc.*, Plaintiff argued that its claims were not covered by the forum selection clause because the claims were independent of the parties' contract and would exist even if there was no agreement between the parties. *Digital Envoy, Inc.*, 319 F. Supp. 2d at 1380.  The court rejected this argument, reasoning that a central issue in the case was whether the parties' contract applied to Plaintiff's claims. *Id.*  Similarly, in this case, Plaintiff argues that its claims are not subject to the forum selection clause because resolution of the claims does not require reference to or construction of the Agreement. This argument is without merit.  Although Plaintiff has not alleged breach of the written Agreement, analysis of its claims requires reference to and construction of the contractual relationship between the parties as evidenced by the Agreement. *See Stewart Org., Inc.*, 810 F.2d at 1070.

[4] 28 U.S.C. § 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

located in Florida, would suffer great expense, burden, and inconvenience if they were forced to travel to Ohio. (Dkt. 29, pp. 10-12). Plaintiff asserts that the burden on its witnesses would be greater than the burden suffered by Defendant's witnesses if they were forced to litigate here. (Dkt. 29, pp. 12-14). In addition, Plaintiff argues that the documents in support of its claims are located in Florida. (Dkt. 29, pp. 13-14). Further, Plaintiff argues that the this Court is more familiar with the applicable law, and Florida courts have a stronger public interest than Ohio in hearing and resolving this case. (Dkt. 29, pp. 14-17). Finally, Plaintiff argues that the relative docket congestion as between Florida and Ohio favors retention of the case in this Court. (Dkt. 29, p. 15).

Plaintiff points to no concrete facts mitigating against a change of venue other than the expense and inconvenience that will be occasioned on Plaintiff and its witnesses if the forum selection clause is enforced. Any financial difficulty Plaintiff may experience in litigating in the selected forum is not, by itself, a sufficient reason for not enforcing a valid forum selection clause. *P & S Bus. Machs., Inc.*, 331 F.3d at 807. A party opposing enforcement of a forum selection clause must "show that trial in the contractual forum will be so gravely difficult and inconvenient" that it "will for all practical purposes be deprived" of its day in court. *Stewart Org., Inc.*, 810 F.2d at 1070. "Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to [its] bargain." *Id.* Moreover, public policy favors the enforcement of contracts. *In re Ricoh Corp.*, 870 F.2d at 573 (*citations omitted*).

Plaintiff has failed to carry its burden of establishing that the agreed forum is sufficiently inconvenient to justify venue in the Middle District of Florida. The most Plaintiff has shown is that it would be equally inconvenient for Plaintiff to litigate in Ohio as it would for Defendant to litigate here. Further, Plaintiff has not shown that a Florida has any greater of an interest in hearing and

resolving this case than Ohio.[5]  Plaintiff's suit "does not present the type of exceptional situation in which judicial enforcement of a contractual choice of forum clause would be improper." *In re Ricoh Corp.*, 870 F.2d at 574 (*quotation and citation omitted*).  As has been recognized, "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Stewart Org., Inc.*, 487 U.S. at 33 (Kennedy, J., *concurring*).  Pursuant to the parties' Agreement and in the interest of justice, transfer of this case to the Southern District of Ohio is appropriate.[6]

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)       Defendant's Motion to Transfer Venue (Dkt. 8) is **GRANTED**.

2)       This case is **TRANSFERRED** to the United States District Court for the Southern District of Ohio, Western Division at Dayton.

3)       All pending motions are **DENIED** as moot.

4)       The clerk is directed to close this case.

**DONE AND ORDERED** in chambers this _18th_ day of May, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[5] Plaintiff argues that the case should remain in this forum because Defendant traveled to Florida to establish the contractual relationship, the relevant acts and omissions occurred in Florida, and Florida residents have an interest in seeing that violations of Florida's Deceptive and Unfair Trade Practices laws are redressed.  These considerations, even if valid, are not sufficient to overcome the forum selection clause. *See In re Ricoh Corp.*, 870 F.2d at 573-74.  Moreover, based on this Court's interpretation of the forum selection clause, Ohio law may apply to some or all of Plaintiff's claims.

[6] Like many cases involving choice of forum clauses, resolution of the motion to transfer presents a close call.  Notwithstanding, transfer of this case is consistent with well-settled Eleventh Circuit precedent, as cited herein.